Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Middle District of Minnesota

Civil Division

**RECEIVED BY MAIL**

AUG 19 2020

CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

Christopher Gary Baylor,
as Baylor

Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Lorie Skjerven Gildea, in her personal capacity,
and,
Susan L. Segal, in her pesonal capacity,
and,
Tim Walz, in his personal capacity.

Defendant(s)

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 20-cv-1811 ECT/ECW
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☒ Yes   ☐ No

## COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Christopher Gary Baylor |
| Street Address | 491 Baltimore Pike, 105 |
| City and County | Springfield, Delaware |
| State and Zip Code | Pennsylvania, 19064 |
| Telephone Number | 484-682-2605 |
| E-mail Address | edo_delight@comcast.net |

B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### Defendant No. 1

| | |
|---|---|
| Name | Lorie S. Gildea |
| Job or Title (if known) | Ramsey County Minnesota Supreme Court Chief Justice |
| Street Address | 25 Rev. Dr. Martin Luther King Jr. Blvd. |
| City and County | St. Paul, Ramsey |
| State and Zip Code | Minnesota, 55155 |
| Telephone Number | (651) 297-7650 |
| E-mail Address (if known) | Unknown |

### Defendant No. 2

| | |
|---|---|
| Name | Susan L. Segal |
| Job or Title (if known) | Ramsey County Minnesota Appellate Court Chief Judge |
| Street Address | 25 Rev. Dr. Martin Luther King Jr. Blvd. |
| City and County | St. Paul, Ramsey |
| State and Zip Code | Minnesota, 55155 |
| Telephone Number | (651) 297-7650 |
| E-mail Address (if known) | Unknown |

### Defendant No. 3

| | |
|---|---|
| Name | Tim Walz |
| Job or Title (if known) | Elected Governor of the Entire State of Minnesota |
| Street Address | 130 State Capitol 75 Rev Dr. Martin Luther King Jr. Blvd. St. |
| City and County | St. Paul, Ramsey |
| State and Zip Code | Minnesota 55155 |
| Telephone Number | 651-201-3400 |
| E-mail Address (if known) | Unknown |

### Defendant No. 4

| | |
|---|---|
| Name | N/A |
| Job or Title (if known) | N/A |
| Street Address | N/A |
| City and County | N/A |
| State and Zip Code | N/A |
| Telephone Number | N/A |
| E-mail Address (if known) | N/A |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question           ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Access to Court and Free Speech, U.S. Const. amend. XIV & I;
Right to Petition and Defend, U.S. Const. amend. XIV, Civil Rights Act;
Right to Substantive and Procedural Due Process, U.S. Const. amend. XIV;
Deprivation of rights secured by the Constitution and laws, 42 U.S. Code § 1983.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* Baylor , is a citizen of the State of *(name)* Pennsylvania .

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* N/A , is incorporated under the laws of the State of *(name)* N/A , and has its principal place of business in the State of *(name)* N/A .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* Lorie Gildea, Susan Segal & Tim Walz , is a citizen of the State of *(name)* Minnesota . Or is a citizen of *(foreign nation)* N/A .

    b.    If the defendant is a corporation

The defendant, *(name)* __N/A__, is incorporated under the laws of the State of *(name)* __N/A__, and has its principal place of business in the State of *(name)* __N/A__. Or is incorporated under the laws of *(foreign nation)* __N/A__, and has its principal place of business in *(name)* __N/A__.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$5,000,000. Plaintiff's constant preoccupation with litigation is the result of unconstitutional acts committed by public officers in the state of Minnesota over the course of 3 years on more than 100 occassions, thus causing insurmountable damages and injury directly impacting loss of employment, wages, income and access to equal housing, due to never granted a scintilla of lawful or equitable relief as a non-resident male who is a protected class minority. Plaintiff suffers emotionally and is anguished by the distress caused by the repeated denial of the quintiessential meaning of life, libery, freedom, happiness, property and most importantly, all familial rights, terminated without the right to Due Process.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. On June 29, 2020, Defendant Lorie S. Gildea came in receipt of one of a dozen petitions requesting constitutional relief since appointed by Tim Walz, the matter asserted shown void on its face, requiring no discretion to act as established by the laws of the state. Subsequently on August 11, 2020, Defendant deliberatly denied Plaintiff Baylor of the constitutional right of access to the court through the usual custom and policy of stating "Based upon all the files, records, and proceedings herein. . . . review is denied." Several times has Defendant denied Baylor the right to be heard by petition, chilling his speech when no such act of denial requires the use of discretion. These unconstitutional acts of denying a non-resident equal protection is shown in Exhibits A-F.

2. On August 11, 2020, Defendant Susan L. Segal intentionally violated Baylor's right of access to the court by denying him the right to petition for relief, thus also chilling his speech again when raising issues of constitutional significance, as it has been the case for 3 years. Baylor clearly established in earlier pleadings and on June 3, 2020 his inability to pay court costs and fees, nonetheless on June 22, 2020, Defendant ordered Baylor to pay $550. Due to Baylor's well-known indigent status, in order to prevent him from receiving relief, the rather usual custom and policy by stating "Because petitioner still has not paid the filing fee for this petition. . . . dismissal is warranted.", has been applied on several occassions, and this statement been used to deny the right to Due Process through a strategic and retaliatory impediment solely constructed for Baylor, designed to bar Baylor from accessing the court when his constitutional claims will be denied due to his inability to pay.

3. Defendant Tim Walz, having the constitutional responsibility of appointing judges and justices, states that the "Walz-Flanagan Administration is building a Minnesota that reflects only the priorities of the people of the state". Based on this custom, Defendant failed to appoint public officers who would respect or recognize the constitutional rights of non-residents who must litigant within its jurisdiction. Defendant received written notice of rights denied and copy of Baylor's pleading June 8, 2020 evincing the unconstitutional acts of his duly elected employees, although based on the above said custom, the deliberate exclusion of non-residents and failure to hire employees who would uphold the United States constitution and protect the rights of ALL citizens, is also found in the Defendant's policy, where mere "encouragement" from those said to protect equal justice under the law, is rather optional than a clear mandate when face with upholding the laws of the United States constitution. https://mn.gov/governor/administration/judicialappointments/

4. Defendants knowingly and willing enforce an unconstitutional provision of state constitution which states that "No MEMBER of this state shall. . . be deprived of any. . rights." Minn. Const. art. I, § 2, purposely excluding protections for non-members, non-citizens or non-residents of Minnesota state, contrary to that which is constitutional and states that "ALL men are born equally free and independent, and have certain inherent and indefeasible rights" PA. Const. art. I, § I; "ALL natural persons, female and male alike, are equal before the law and have inalienable rights" art. I, § 2(a), Fla. Const.; "ALL men are, by nature, free and equal, and have certain inalienable rights" Ia. Const. art. I, § I, Baylor entitled to the rights of each aformentioned state by good relation, other than the state of Minnesota. Defendants voluntarirly violate the rights of non-resident Baylor by enforcing an unconstitutional provision in derogation to U.S. Const. amend. XIV, § I by which a reasonable person knows.

5. Baylor, a non-resident minority male self litigant, has over the course of 3 years and on more than 100 occassions been deprived of the same constitutional protections given to White men who reside in the state of Minnesota, and who are similarly situated. E.g., in the case of Cook v. Arimitsu, 907 N.W.2d 233, Ct. App. Minn.(2018); see also Cook v. Arimitsu (In re Marriage of Cook), A19-1235, (27 Apr, 2020), public officers found in favor of a White male, granting substantial relief. The opposing party in Baylor's case, represented by White counsel, has not filed a single responsive pleading in nearly 1 year, for the reason it is fairly known that non-resident African Native American Baylor will be denied all equitable and lawful relief without the intervention of any of other party, except for public officers. Baylor is severely predudiced by these unconstitutional acts and the extremely biased conduct of the Minnesota White class, who have attempted to offset its racist image and attitude by dilluting 99% of its Anglo population with a large quantity of Soomalii refugees, nevertheless, exude White hatred for the Black-American minority class, and has caused both emotional injury and financial damages to Baylor, coupled with the irreprable harm that stems form the colorful termination of his familial rights without hearing or trial, all-the-while denied any and all opportunity to be heard according to state laws and statutes made available to "members" (derivative of the Ku Klux Klan) a supremicist clause for Whites wishing to seek post-trial relief. Baylor is repeatedly denied all protection and privleges established by the states's legislation, and he is also denied the universal protections guaranteed by the United Constitution.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

— For general damages in the amount of $5,000,000.00;
— For compensatory damages for the acts complained of herein, in an amount to be proven at trial;
— For special damages as permitted by law;
— For such other and further relief as the Court deems necessary or proper;
— For the opportunity to amend or modify this complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   08/15/2020

Signature of Plaintiff   *Christopher Gary Baylor*

Printed Name of Plaintiff   Christopher Gary Baylor