# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher Gary Baylor, as Baylor, | Case No. 20-CV-1811 (ECT/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lorie Skjerven Gildea, in her personal capacity, Ramsey County Minnesota Supreme Court Chief Justice; Susan L. Segal, in her personal capacity, Ramsey County Minnesota Appellate Court Chief Judge; and Tim Walz, in his personal capacity, Elected Governor of the Entire State of Minnesota, | |
| Defendants. | |

In 2017, Plaintiff Christopher Gary Baylor's former spouse was granted an order of protection from Baylor on behalf of herself and the couple's minor child. *See Baylor v. Baylor*, No. A18-0077, 2018 WL 2187189, at *1 (Minn. Ct. App. May 14, 2018). Since that time, Baylor has initiated several direct and indirect challenges to the order of protection — most of these challenges in Minnesota state court, but some in federal court as well (both this District and elsewhere). *See Baylor v. Eto*, No. 19-CV-0280 (MJD/HB) (D. Minn. 2019); *Baylor v. Eto*, No. 19-CV-0442 (MJD/HB) (D. Minn. 2019); *Baylor v. Hennepin County District Court*, No. 6:20-CV-0342 (CEM/DCI) (M.D. Fla. 2020).

The efforts have not been successful to date.  Evidence of that lack of success comes attached to Baylor's complaint in the form of several denials of his petitions for review entered by the Minnesota Supreme Court and signed by Defendant Lorie Skjerven Gildea, Chief Justice of the Minnesota Supreme Court.  Also attached to the complaint is a denial of a petition for a writ by the Minnesota Court of Appeals signed by Defendant Susan L. Segal, Chief Judge of the Minnesota Court of Appeals.  Baylor cites these documents and that litigation as evidence that the Minnesota courts have denied his federal constitutional rights of petition, access to the courts, free speech, and due process, and he seeks relief under 42 U.S.C. § 1983 against Chief Justice Gildea, Chief Judge Segal, and Minnesota Governor Tim Walz in their personal capacities.

Baylor did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status.  (*See* Dkt. 2.)  After review of the IFP application, this Court concludes that Baylor qualifies financially for IFP status.  That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must

"state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The claims brought by Baylor against Chief Justice Gildea and Chief Judge Segal are squarely foreclosed by the doctrine of judicial immunity.  It is well established that judges are protected by absolute immunity for their judicial actions.  *See, e.g.*, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  The actions of Chief Justice Gildea and Chief Judge Segal complained of by Baylor are plainly *judicial* actions: the dismissal of actions, denial of writs, and denial of petitions for review are activities obviously within the ambit of functions ordinarily performed by a judge within the course of her judicial duties.  Moreover, Baylor cannot plausibly argue that the actions of Chief Justice Gildea and Chief Judge Segal were taken "taken in the complete absence of all jurisdiction" so as to deprive those officials of absolute immunity.  *Id*. at 12.  (It was Baylor, after all, that presented those courts with petitions; he cannot reasonably argue that the judges could not take action on those petitions.)

Judicial immunity is a sufficient basis upon which to recommend dismissal of the claims against Chief Justice Gildea and Chief Judge Segal, but there is at least one other ground for dismissal. Baylor takes great pains to state throughout his exhibits that this litigation is not "an invitation or request for review of any state court decision." (*See, e.g.*, Dkt. 1-1 at 2 (capitalization removed).) This is no doubt an attempt to avoid the Court's invocation of the *Rooker-Feldman*[1] doctrine, which prohibits federal district courts from acting in appellate review of state-court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). But Baylor's claims by necessity are challenges to the validity of state-court judgments: Baylor alleges, at bottom, that the Minnesota courts got things wrong when they declined further review or other ancillary relief in his state-court litigation. An attack on the actions of Chief Justice Gildea and Chief Judge Segal in entering the orders at issue is necessarily an attack on the orders and judgments themselves. This Court, however, does not and cannot sit in appellate review of the Minnesota courts.

This leaves only the claims for relief against Governor Walz, who as governor is not insulated from suit by judicial immunity as Chief Justice Gildea and Chief Judge Segal are. Still, though, Governor Walz is entitled to dismissal of this action as well. Baylor names Governor Walz as a defendant to this lawsuit on the grounds that Governor Walz has "the constitutional responsibility of appointing judges and justices" (Dkt. 1 at 5), and that the putatively unlawful actions of those judges may therefore be imputed to

---

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Governor Walz himself. But "[i]ndividual liability under § 1983 'is personal, so each defendant's conduct must be independently assessed.'" *Zimmerman v. Bellows*, 988 F. Supp. 2d 1026, 1033 (D. Minn. 2013) (quoting *Heartland Academy Community Church v. Waddle*, 595 F.3d 798, 805-06 (8th Cir. 2010)). Even accepting the non-conclusory factual allegations in the pleading to be true (as this Court must at this stage of the litigation), nothing in the Complaint establishes that Governor Walz himself acted unlawfully in exercising his authority to appoint Minnesota judicial officials. And the actions of those judicial officials cannot, by themselves, form the basis for a claim for relief under § 1983 against Governor Walz in his personal capacity.

Accordingly, Baylor is not entitled to relief in this action. It is therefore recommended that this action be dismissed without prejudice pursuant to § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Christopher Gary Baylor's application to proceed *in forma pauperis* (Dkt. 2) be DENIED,

3. Baylor's *ex parte* application to proceed *in forma pauperis* (Dkt. 5) be DENIED AS MOOT.

Dated: September 24, 2020

*Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).