UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Christopher Gary Baylor, as Baylor, | File No. 20-cv-1811 (ECT/ECW) |
| Plaintiff, | |
| v. | |
| Lorie Skjerven Gildea, in her personal capacity, Ramsey County Minnesota Supreme Court Chief Justice; Susan L. Segal, in her personal capacity, Ramsey County Minnesota Appellate Court Chief Judge; Tim Walz, in his personal capacity, Elected Governor of the Entire State of Minnesota, | **ORDER** |
| Defendants. | |

_____

In a Report and Recommendation ("R&R"), United States Magistrate Judge Elizabeth Cowan Wright recommends dismissing Plaintiff Christopher Gary Baylor's pro se complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and denying Baylor's application to proceed in forma pauperis. ECF No. 8. Baylor filed objections to the Report and Recommendation.[1] ECF No. 9. On de novo review, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3), the R&R will be accepted.

---

[1] Baylor's certificate of compliance filed with his objections indicates that "the length of [the] document is 606 lines and 6,255 words including all text, headings, and quotations." ECF No. 9 at 25. Local Rule 72.2(c) governs the format of objections to a magistrate judge's R&R and provides that "[e]xcept with the court's prior permission, objections or a response to objections filed under LR 72.2 must not exceed 3,500 words if set in a proportional font, or 320 lines of text if set in a monospaced font." Baylor did not seek permission from the court to exceed these limits prior to filing his objections. Nonetheless, requiring Baylor to re-file a shorter version of his objections that complies

Baylor first objects to the dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that this statute applies only to prisoners. ECF No. 9 at 11–13. Section 1915(e)(2)(B)(ii) provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." In support of his position, Baylor cites *Johnson v. Bloomington Police*, 193 F. Supp. 3d 1020 (D. Minn. 2016), in which the district court declined to accept an R&R that recommended dismissal of a case brought by a pro se, non-prisoner litigant under § 1915(e)(2)(B)(ii). In *Johnson*, the court explained that a district court, except as authorized by the statute, generally lacks the authority to dismiss a case *sua sponte* before service of process unless a complaint is frivolous. *Id.* at 1022 (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996)). The court reasoned, in part, that § 1915(e)(2)(B)(ii) does not apply to plaintiffs who are not prisoner litigants because, although that section does not expressly reference prisoners, it is part of the Prison Litigation Reform Act ("PLRA") and "nearly every subsection in Section 1915 expressly governs prisoners and civil actions brought by prisoners." *Id.* at 1023. The court also relied heavily on a footnote in *Porter* in which the Eighth Circuit "note[d] that the new procedures in the [PLRA] . . . allowing dismissal for failure to state a claim [did] not apply" to Porter because he "was not proceeding in forma pauperis, nor was he a prisoner," 99 F.3d at 273 n.1, reasoning that

---

with the applicable length limitations would not aid review of his objections and would unnecessarily delay resolution of this matter. Therefore, his objections will be reviewed as filed.

the "reference in *Porter* to the plaintiff's nonprisoner status would be superfluous if it were not relevant to the applicability of Section 1915(e)(2)(B)(ii)," *Johnson*, 193 F. Supp. 3d at 1023. But *Porter* did not concern the propriety of dismissing a case brought by a non-prisoner litigant under § 1915(e)(2)(B)(ii). In *Porter*, the district court conducted an initial review of an amended complaint filed by a pro se, non-prisoner plaintiff pursuant to a local rule and dismissed the case sua sponte under Rule 12(b)(6). 99 F. 3d at 272–73. The plaintiff had paid filing fees and was not seeking to proceed in forma pauperis, and "responsive pleadings were on file and at issue." *Id.* Under those circumstances, the Eighth Circuit found, "[e]xcept as otherwise authorized by the [PLRA]," that there was "no support for the district court to conduct an initial review of all nonprisoner pro se fee-paid complaints under Rule 12(b)(6) before service of process and responsive pleadings." *Id.* at 274 (affirming dismissal after reviewing the merits de novo). Section 1915 plainly was not at issue in *Porter* and the language in the court's footnote relied upon in *Johnson* therefore does not have precedential value.

It appears that the Eighth Circuit has not directly addressed the question of whether § 1915(e)(2)(B)(ii) authorizes dismissal of a case brought by a non-prisoner litigant seeking in forma pauperis status for failure to state a claim. However, the Eighth Circuit has regularly affirmed the dismissal of claims brought by such plaintiffs under this provision. *See, e.g.*, *Jones v. Manor Care Health Servs.*, 788 F. App'x 1039, 1039–40 (8th Cir. 2019) (per curiam); *Rickmyer v. ABM Sec. Servs., Inc.*, 668 F. App'x 685, 686 (8th Cir. 2016) (per curiam); *Graddy v. U.S. Dep't of Homeland Sec.*, 515 F. App'x 625 (8th Cir. 2013) (per curiam); *Briggs v. Wheeling Mach. Prod. Co.*, 499 F. App'x 634 (8th Cir.

2013) (per curiam); *Pomerenke v. Bird*, 491 F. App'x 778, 779–80 (8th Cir. 2012) (per curiam). Though unpublished, in light of the absence of any binding Eighth Circuit authority to the contrary, these decisions favor the conclusion that § 1915(e)(2)(B)(ii) applies to cases brought by prisoners and non-prisoners alike. This conclusion finds further support in decisions from other circuit courts of appeals and district courts in this circuit. *See, e.g.*, *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205–06 (2nd Cir. 2002) (per curiam) (affirming dismissal of case brought by non-prisoner for failure to state a claim pursuant to § 1915(e)(2) as claims were barred by the doctrine of res judicata); *Stebbins v. Hannah*, No. 15-cv-00436-JLH-JJV, 2015 WL 5996295, at *1 n.1 (E.D. Ark. Sept. 1, 2015), *report and recommendation adopted*, 2015 WL 5999787 (E.D. Ark. Oct. 14, 2015); *Zessin v. Neb. Health & Human Servs.*, No. 07-cv-247, 2007 WL 2406967, at *1–2 (D. Neb. Aug. 20, 2007) ("[I]t is clear that 28 U.S.C. § 1915(e)(2)(B) authorizes dismissal of complaints filed in forma pauperis without regard to whether the plaintiff is a prisoner[.]") (collecting cases); *see also* 16AA Catherine T. Struve, *Federal Practice and Procedure*: *Jurisdiction and Related Matters* § 3970 (5th ed. Oct. 2020 Update) ("The PLRA also made some changes that affect non-prisoner litigants. In particular, the PLRA amended what is now Section 1915(e)(2) concerning the dismissal of a case."). Magistrate Judge Wright's report and recommendation will not be rejected on this basis.

Baylor next objects to Magistrate Judge Wright's conclusion that his claims against Defendants Minnesota Supreme Court Chief Justice Lori Skjerven Gildea and Minnesota Court of Appeals Chief Judge Susan L. Segal are foreclosed by the doctrine of judicial immunity. ECF No. 9 at 13–19. Baylor argues that the actions complained of—the

dismissal of actions, denial of writs, and denial of petitions for review—were administrative rather than judicial. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). As such, judicial immunity "is not overcome by allegations of bad faith or malice[.]" *Id.* "A judge is immune from suit, including suits brought under section 1983 . . . , in all but two narrow sets of circumstances." *Justice Network Inc. v. Craighead Cty.*, 931 F. 3d 753, 760 (8th Cir. 2019) (quotations and citation omitted). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (internal citations omitted). "An act is a judicial act if it is [a function] normally performed by a judge and if the complaining party is dealing with the judge in [her] judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373–74 (8th Cir. 2012) (citation omitted); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978). In light of these factors, the actions Baylor complains of are unquestionably judicial in that they are within the type of functions normally performed by a judge and were taken on matters presented to the court by Baylor for adjudication. *See Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130–31 (D.D.C. 2007) (rejecting plaintiff's argument that the denial of her petition for certiorari by United States Supreme Court defendants was an administrative action rather than a judicial one). Baylor's claims against Chief Justice Gildea and Chief Judge Segal must therefore be dismissed.[2]

---

[2]   Baylor also objects to Magistrate Judge Wright's conclusion that the *Rooker-Feldman* doctrine provides an independent ground for dismissal of his claims against Chief

Baylor last objects to Magistrate Judge Wright's conclusion that he has failed to state a claim against Defendant Minnesota Governor Tim Walz. ECF No. 9 at 22–23. "To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citation omitted). Baylor's allegations against Governor Walz are derivative of his allegations against Chief Justice Gildea and Chief Judge Segal. Baylor does not allege in his complaint that Governor Walz acted unlawfully in exercising his authority to appoint judicial officers or otherwise personally violated Baylor's constitutional rights. Baylor's allegations are insufficient to state a claim for relief and his claim against Governor Walz therefore will be dismissed.

Two other matters deserve comment. After Baylor filed his objections to the R&R, he filed a supplemental application for leave to proceed in forma pauperis "pursuant to 28 [U.S.C.] § 1914(c)," which provides that "[e]ach district court by rule or standing order may require advance payment of fees." ECF No. 11. Because Baylor's case is properly dismissed under § 1915(e)(2)(B), his supplemental application will be denied. Even if this were not the case, the permissive language highlighted by Baylor in § 1914(c) does not provide a basis for him to proceed without prepaying court fees or costs. The District of Minnesota, pursuant to Local Rule 4.2(a), requires advance payment of "fees associated with the institution or prosecution of any action" unless a party seeks to proceed in forma

---

Justice Gildea and Chief Judge Segal. ECF No. 9 at 20–22; *see* R&R at 4. Given that Baylor's claims are clearly barred by the doctrine of judicial immunity, they will be dismissed on that basis alone.

6

pauperis under § 1915.  Baylor also has filed a motion for expedited review.  ECF No. 12.  In light of the issuance of this order, Baylor's motion will be denied.

Therefore, based upon all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Plaintiff's Objections to the Report and Recommendation [ECF No. 9] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 8] is **ACCEPTED** without reliance on the *Rooker-Feldman* doctrine as a basis for dismissal;

3. This action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B);

4. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2] is **DENIED**;

5. Plaintiff's Ex Parte Motion for Leave to Proceed In Forma Pauperis in Court of Appeals [ECF No. 5] is **DENIED AS MOOT**;

6. Plaintiff's Supplemental Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 11] is **DENIED**; and

7. Plaintiff's Motion for Expedited Relief [ECF No. 12] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 8, 2020         s/ Eric C. Tostrud
                                 Eric C. Tostrud
                                 United States District Court